

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00264-CV

---

**IN THE INTEREST OF M.S., S.M., K.S., AND A.G., CHILDREN**

---

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 8233, Honorable Ron Enns, Presiding

---

August 28, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, T.S., appeals from the trial court's order terminating her parental rights to her children, M.S., S.M., K.S., and A.G.[1] We remand for further proceedings.

Appellee, the Department of Family and Protective Services, sued T.S. for protection and conservatorship of her children and termination of her parental rights. The matter was referred to the Honorable Associate Judge Carrie Baker and heard on April 24, 2024. *See* TEX. FAM. CODE ANN. §§ 201.201–.204. The following day, April 25, Judge Baker signed an *Order of Termination and Order Appointing Permanent Managing*

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

*Conservator.* According to the record before this Court, no request for de novo hearing was filed. *See id.* at §§ 201.015, 201.2042. Consequently, Judge Baker's *Order of Termination and Order Appointing Permanent Managing Conservator* became the order of the referring court on April 25, 2024, by operation of law. *See* TEX. FAM. CODE ANN. § 201.2041(a); *In the Interest of B.C.*, No. 07-19-00290-CV, 2019 Tex. App. LEXIS 8700, at *2–3 (Tex. App.—Amarillo Sep. 26, 2019, no pet.) (per curiam) (mem. op.).

Despite the apparent lack of a de novo hearing request, the Honorable Judge Ron Enns, the referring court, subsequently signed two orders concerning the termination proceedings. First, on June 10, 2024, Judge Enns added an addendum to Judge Baker's order titled *Order Adopting Associate Judge's Proposed Order.* The addendum states ". . . no demand for court proceeding having been made in the time and manner permitted by law, it is ORDERED that said orders be and are hereby adopted as the orders of this Court." Two days later, on June 12, Judge Enns issued an *Order Affirming Order of Termination after De Novo Hearing Before the Referring Court.* It states that T.S. ". . . timely requested a de novo hearing before the referring Court," indicates that a de novo hearing occurred on May 30, 2024, and affirms Judge Baker's *Order of Termination and Order Appointing Permanent Managing Conservator.*

A timely notice of appeal is essential to invoking this Court's jurisdiction. *See* TEX. R. APP. P. 2 (providing that appellate courts may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal), 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Without a timely request for de novo hearing, Judge Enns's orders have no effect on the finality of Judge Baker's order, nor do they alter the deadline to file a notice of appeal. T.S.'s notice of appeal was, therefore, due

within twenty days after Judge Baker signed the *Order of Termination and Order Appointing Permanent Managing Conservator,* by May 15, 2024. *See* TEX. R. APP. P. 26.1(b), 28.4(a). T.S. filed a notice of appeal on June 27, 2024.[2]

By letter of August 20, 2024, we notified the parties that it did not appear we have jurisdiction over this appeal. In response, T.S. asserts that she timely filed a request for de novo hearing and, as evidence, attaches a copy of her electronic filing certificate indicating that a "Request for De Novo Hearing.pdf" was submitted to the trial court clerk for filing at 9:30 am on April 25, 2024. *See* TEX. R. CIV. P. 21(f) (concerning electronic filing).

To determine the timeliness of T.S.'s notice of appeal, we abate the appeal and remand the proceedings to the trial court to conduct a hearing and ascertain:

   (1)     whether T.S. waived the right of a de novo hearing;

   (2)     if not, on what date did T.S. receive notice of the substance of Judge Baker's *Order of Termination and Order Appointing Permanent Managing Conservator*;

   (3)     whether T.S. filed a written request for de novo hearing with the trial court clerk; and

   (4)     if so, on what date the request for de novo hearing was filed with the trial court clerk. *See* TEX. FAM. CODE ANN. § 201.015, 201.2042.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by September 18, 2024.

---

[2] The trial court clerk did not forward the notice of appeal to this Court for filing until August 8, 2024. *See* TEX. R. APP. P. 26.1(a), (f).

It is so ordered.

Per Curiam